

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL McCREARY, | ) |
| Plaintiff, | ) 3:10-cv-00126-RCJ-VPC |
| vs. | ) |
| JOANNE MALONE, et al., | ) ORDER |
| Defendants. | ) |

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.

**I. Application to Proceed *In Forma Pauperis* (Docket #1)**

Before the Court is plaintiff's application to proceed *in forma pauperis*. Based on the information regarding plaintiff's financial status the Court finds that plaintiff is not able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

**II. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less

stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III. Complaint in the Instant Action**

In the complaint, plaintiff names the following defendants: White Pine County Court Clerk Joanne Malone, Correctional Officer Schmidt, Associate Warden of Programs Renee Baker, Correctional Caseworker Oxborrow, and Correctional Officer Bybee.

**A. Count I**

Plaintiff alleges that on January 14, 2010, a classification committee hearing was held

3

at Ely State Prison, at which defendant Baker and defendant Oxborrow presided. Plaintiff sought a transfer to Lovelock Correctional Center. Defendants Baker and Oxborrow denied plaintiff's request to be transferred to Lovelock. Plaintiff contends that defendants Baker and Oxborrow violated his rights by refusing his request for a prison transfer. Prisoners have no liberty interest in avoiding being transferred, or not transferred, to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curium). Plaintiff's claim against defendants Baker and Oxborrow is frivolous and is dismissed with prejudice.

### B. Count II

Plaintiff alleges that in January 2010, he filed a civil action in the Seventh Judicial District Court in White Pine County. On February 7, 2010, plaintiff wrote a letter to the Clerk of Court for White Pine County, whom plaintiff identifies as Joanne Malone. On February 10, 2010, plaintiff received a letter from Clerk of Court Joanne Malone stating: "The above-mentioned case you have inquired about is still in the Judge's chambers for consideration. You do have the option to motion the court for review, however, please be aware that the judge's workload is extensive and your case will be attended to as soon as possible." Plaintiff alleges that because no action has been taken on his case state civil case, Court Clerk Joanne Malone violated his due process rights. Court employees are entitled to quasi-judicial immunity for actions taken in their official capacity. *See Pomerantz v. County of Los Angeles*, 812 F.2d 1103, 1108 (9th Cir. 1982). Plaintiff has alleged no facts to indicate that defendant Malone violated his due process rights by answering his query regarding the status of his civil case. Because this claim is frivolous, it is dismissed with prejudice.

### C. Count III

Plaintiff alleges that from December 18, 2009 through February 21, 2010, he was retaliated against for attempting to file a section 1983 complaint. Plaintiff alleges that defendants Schmidt and Bybee retaliated against him. Plaintiff alleges that on February 18, 2010, while he was taking a shower, defendant Bybee searched his cell, "sprayed chemicals" on his walls, and removed

soap and pens from his cell. Plaintiff further alleges that on February 21, 2010, while he was taking a shower, defendant Schmidt searched his cell and sprayed chemicals on his walls, and removed food, medication, and papers from his cell.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To state a cognizable claim, plaintiff must allege that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). In the instant case, plaintiff has failed to allege a casual nexus between his filing a section 1983 complaint, and defendants Schmidt and Bybee conducting searches of his cell. Plaintiff has not alleged that defendants lacked a legitimate penological purpose for searching his cell. Prisoners have no constitutional right of privacy in their cells. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984); *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996). Moreover, plaintiff's allegations are conclusory and implausible, and therefore must be dismissed with prejudice. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

### IV. Plaintiff's Motions

#### A. Motion for Appointment of Counsel (Docket #5)

Plaintiff has filed a motion for the appointment of counsel. A litigant in a civil right action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the Court evaluate both the

likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings. The Court will not enter an order directing the appointment of counsel. As discussed in this order, there is no likelihood of success on the merits. Plaintiff's motion for the appointment of counsel is denied.

**B. Motion to Exceed Limitations (Docket #8)**

Plaintiff filed a "motion to exceed limitations," in which he asks to be allowed to exceed the Nevada Department of Corrections limitations on copywork and legal supplies. Plaintiff has not made an adequate showing of why he needs to exceed normal limits on copywork and legal supplies. Without justifiable cause, this Court will not interfere with the internal procedures and rules of the Nevada Department of Corrections. Plaintiff's motion is denied.

**C. Motion to be Present at Hearings (Docket #9)**

Plaintiff filed a motion to be present at all hearings in this action. At present, no hearings have been set in this action. To the extent that hearings are set, the Court will arrange for the telephonic appearance of plaintiff, and if necessary, his physical presence. Plaintiff's motion to be present at all hearings in this action is denied.

**D. Motions to Submit Evidence**

Plaintiff has filed several "motions to submit evidence/discovery." (Docket #6, 7, 10, 11, 12, 13, 15, 16, 17, 18, 20, 21, 22, 24, and 25). Attached to these motions are documents that plaintiff seeks to use in support of his complaint. The Court cannot serve as a repository for plaintiff's evidence. The presentation of evidence is appropriate during litigation, such as summary judgment or at trial, but not at the pleading stage. In addition, because the Court has determined that the complaint must be dismissed with prejudice for frivolity and for failure to state a claim, plaintiff's motions to submit evidence are all the more meritless and shall be denied.

## V. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (Docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **PAUL McCREARY, # 78362** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **FILE** the complaint (Docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket #5) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to exceed limitations of copywork and legal supplies (Docket #8) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to be present at all hearings in this action (Docket #9) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motions to submit evidence/discovery (Docket #6, 7, 10, 11, 12, 13, 15, 16, 17, 18, 20, 21, 22, 24, and 25) are **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice as to all counts and all defendants.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

Dated: December 28, 2010

_____
UNITED STATES DISTRICT JUDGE